DRIVER-HARRIS WIRE COMPANY, respondent,

*v.*

WILBUR B. DRIVER, appellant.

[Argued March 22d, 1906.   Decided March 4th, 1907.]

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *70 N. J. Eq. 34.*

*Messrs. Edward A. & William T. Day,* for the respondent.

*Messrs. Woodruff & Stevens,* for the appellant.

The opinion of the court was delivered by

REED, J.

We agree with the conclusions of the learned vice-chancellor that the complainant, before deciding to approve or disapprove of the products and methods of the invention or discovery submitted to it by the defendant, is entitled, not merely to receive the product in the shape of wire, but is also entitled to know the ingredients which constitute the product, with their proportions, as well as the formula for their combination employed in the production of the product.

Until these are furnished, and the complainant has had thereafter reasonable time to approve or disapprove of the new product and methods, the defendant has no right to make or sell such goods on his own account.

It follows that the defendant, not having furnished to the complainant the required opportunity to exercise its judgment, the threatened sale by the defendant is enjoinable.

By the terms of the contract the defendant is not bound to experiment or to submit any invention, developments or im-

provements to the complainant. If he does experiment, however, as already remarked, he can make no sale of any product resulting from such experiment until he has given the complainant an opportunity to decide whether it will undertake the manufacture of the goods made according to the discoveries resulting from such experiment.

The right of the defendant to sell, in this instance, has never been acquired, and cannot be acquired except by furnishing to the complainant the required information, not necessarily through an answer which spreads the secret processes upon the record, but either so or directly to the complainant. Until it appears that such information has been furnished, the case made by the complainant as a ground for an injunction is unanswered.

No question was raised, here or below, concerning the propriety of using an exception to the answer as a means of determining the point involved.

The decree of the court of chancery is affirmed.

*For affirmance*—The Chief-Justice, Garrison, Fort, Garretson, Hendrickson, Pitney, Swayze, Bogert, Vredenburgh, Vroom, Green, Gray, Dill—13.

*For reversal*—None.